Crawford J. and Donna E. Porterfield v. Commissioner.
Porterfield v. Commissioner
Docket No. 89600.
United States Tax Court
T.C. Memo 1961-314; 1961 Tax Ct. Memo LEXIS 35; 20 T.C.M. (CCH) 1619; T.C.M. (RIA) 61314; November 17, 1961
*35 Crawford J. Porterfield, CPA, pro se., 1107 9th St., Sacramento, Calif. William T. Ivey, Jr., Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency in petitioners' income tax for 1957 in the amount of $425.65. Respondent has conceded certain expenses previously disallowed in the deficiency notice. The remaining expenses claimed by petitioners and not conceded by respondent, plus an overpayment of $110.88 claimed by petitioners and said to be due to deductible expense of a portion of the cost of maintaining a private automobile allegedly used by petitioners in part in their business, are now in issue. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners are individuals residing in the area of Sacramento, California. They filed their timely joint income tax return for the year 1957 with the district director of internal revenue, San Francisco, California. Petitioner Crawford J. Porterfield, hereinafter called petitioner, is a practicing certified public accountant. His office address is 1020 Forum Building, Sacramento, California. On his 1957 income tax return *36 petitioner deducted various expenses, many of which were disallowed by respondent. The items disallowed, after concessions by respondent, are shown as follows, all amounts in the "Disallowed" column being presently in issue: Stipulated
Amounts Spent
Claimed
Allowed
Disallowed
Sales promotion expenses
Club dues: Sutter Club
$ 378.17
$ 378.17
$ 80.67
$ 297.50
Rotary Club
317.95
317.95
475.95 [1]
Fish and Duck Club
16.00
16.00
Saturday Club Concert Association
28.00
28.00
Ben Ali Temple
22.00
22.00
Elks Lodge
52.00
52.00
Islam Temple Football Committee
20.00
20.00
Scottish Rite Temple
10.00
10.00
Other expenses (business)
Dinners at home
90.00
90.00
Miscellaneous cash expenditures
63.75
63.75
63.75
McNeil Ranch (fishing trip)
224.95
224.95
Contributions
113.00
113.00
113.00 [2]
Florist
41.08
41.08
41.08
Automobile expenses (business)
Parking ticket
2.00
2.00
Home garage
90.00
90.00
Parking lot rent
252.00
252.00
252.00
Other automobile expenses
1,875.77 [3]
1,875.77
1,524.62 [4]
351.15
Itemized deductions
Contributions
488.00
360.00
488.00 [5]
Taxes: Miscellaneous
1,107.58
1,107.58
Sales
220.00
105.00 [4]
115.00
Total deductions disallowed
$1,794.55
*37 Petitioner is a member of the Sutter Club, which is a well-established men's social and business club in the city of Sacramento. Incident to such membership he incurred costs during 1957 for dues, dining room, bar, and miscellaneous totaling $378.17. Petitioner is a member of the Rotary Club, which is a men's luncheon and service club, and, as such, he incurred expenses for luncheons and entertainment in an amount not less than $317.95. During 1957 petitioner expended $459.95 on a trip to a place known as "McNeil Ranch." Petitioner owns two automobiles, one of which he uses almost exclusively in his business. The other he uses primarily for personal use, except that petitioner's wife uses it for rental *38 property management activities and occasionally petitioner uses it for business. On their 1957 income tax return petitioners reported adjusted gross income of $10,406.02 and claimed two dependency exemptions. Opinion Respondent has allowed certain claimed deductions in full, including "miscellaneous cash expenditures" and parking lot rent. Dues and charges at one of petitioner's clubs were allowed in part and there is nothing to show that a greater deduction should have been permitted. As to the remainder, and with the exceptions to be noted, petitioner has wholly omitted the necessary evidence to sustain his burden of proof. He has in some instances even failed to show that he "in fact made the contested expenditures * * * and secondly, [that] these items, even if fully substantiated, were proximately related to petitioner's practice of [accountancy] so as to be deductible as business expenses." (July 14, 1961). The items as to which we think respondent erred are: 1. Rotary Club. Petitioner claimed only $317.95 but respondent disallowed $475.95. The excess disallowance must have had the effect of canceling some item which was *39 ostensibly approved. The difference should be removed from the disallowances. 2. Automobile expense. Some business use appears to have been applicable to petitioner's second car. While the amount was not shown, it was estimated to be about the equivalent of the disallowed personal use of the first car. This is not so unreasonable as to warrant rejection. Petitioner apparently is prepared to withdraw his claim of overpayment in this event. We think the total expense claimed for the one car should be allowed. (C.A. 2, 1930). 3. Less has been allowed for state sales taxes (other than gasoline and automobile license) than permitted by respondent's Guide Lines. [1] Petitioner's total income as reported makes it reasonable to assume that some additional California sales taxes, as well possibly as those of other states, must have been paid. Since an estimate is necessary, we think $50 as an additional deduction for sales tax is reasonable. *40 With the exceptions noted, the deficiency, as modified by the stipulation, is sustained. Decision will be entered under Rule 50. Footnotes
1. The excess disallowance is unexplained. ↩
2. Allowed as itemized deduction rather than as a business expense. ↩
3. Includes total amount spent for gasoline tax and automobile license. ↩
4. Eighty percent ($1,500.62) of total spent, plus $24.00 (the remaining 20 percent for gasoline tax and automobile license), disallowed as a business expense but allowed as an itemized deduction. ↩
5. Includes additional contributions allowed and amount referred to in footnote 2 above.↩
1. Petitioner asserts, without contradiction by respondent in his reply brief, that "[the] Commissioner's Guide Lines for deduction of sales tax, (617 CCH Paragraph 6245) would in any event permit an unsubstantiated deduction of $131.00."↩