BAILEY AND EARLINE ARMES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Armes v. Commissioner
Docket No. 7937-75.
United States Tax Court
T.C. Memo 1978-258; 1978 Tax Ct. Memo LEXIS 256; 37 T.C.M. (CCH) 1114; T.C.M. (RIA) 78258; July 12, 1978, Filed Bailey Armes, pro se. Wesley J. Lynes, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioners' Federal income tax of $ 1.067.46 for 1972 and $ 1,262.51 for 1973. The issues presented are: 1. The amount of moving and employee business expenses which petitioners are entitled to deduct in 1972 and 1973; and 2. The amount of itemized deductions, including medical expenses, casualty losses, charitable contributions, taxes and other miscellaneous deductions, which petitioners are entitled to deduct in 1972 and 1973. Some of the facts have been stipulated by the parties and are found accordingly. At the time they filed their petition, Bailey and Earline Armes were residents *258 of Tampa, Florida. Erline is a party only by virtue of having filed joint returns with her husband. When we hereafter refer to petitioner, we will be referring to Bailey. On his income tax returns for 1972 and 1973, petitioner claimed the following adjustments to income and itemized deductions: 1972
1973
Moving Expenses
$ 1,096
$ 1,138
Employee Business Expenses
731
3,500
Medical Deductions
1,821
2,137.21
State and Local Income Taxes
191
385.55
Real Estate Taxes
8
8
Gasoline Taxes
24
55
Sales Taxes
148
164
Charitable Contributions
230
200
Casualty Losses
2,550
0
Union Dues
225
201
Tools, Safety Equipment
210
225
Tax Preparation
0
15
Total
$ 7,234
$ 8,028.76
In the statutory notice, respondent disallowed all of the above claimed amounts. 1. Moving Expenses
Petitioner, a construction supervisor, lived in Memphis, Tennessee, from the beginning of 1972 until September 5th of that year when he moved to Richmond, Virginia. The distance between Memphis, Tennessee, and Richmond, Virginia, is 846 miles. Petitioner first drove his truck to Richmond, flew back to Memphis at a cost of $ 48.63, and then drove his car *259 to Richmond. He also had his house trailer towed to Richmond by professional movers which cost him $ 623.40. Petitioner stopped in a hotel for one night on his drive in his car from Memphis to Richmond, and he stayed in hotels in Richmond for ten days before he found a place to park his house trailer. In December 1973 petitioner planned a move from Richmond to Daytona Beach, Florida. He contracted with professional movers to transport his house trailer from Richmond to Daytona Beach for $ 574. Although the trailer was not actually moved until January 14, 1974, petitioner paid for the move in 1973. 2. Medical Deductions
Petitioner's wife was very ill during the years in issue with cancer of the larynx. While petitioner and his wife lived in Memphis, she visited the doctor every other week at $ 20 a visit. After petitioner and his wife moved to Richmond she was unable to find a doctor to treat her. She made only two visits to doctors in Richmond in 1972. While petitioner and his wife lived in Richmond, however, she flew from Richmond to Memphis to see her former doctor four times. Each trip cost $ 97.26 for air fare plus $ 20 for the doctor's services. Petitioner's *260 wife was also taking considerable amounts of medication while she lived in Memphis, which cost $ 15 every two weeks. She ceased taking drugs on a regular basis after she moved to Richmond. Another side-effect of petitioner's wife's condition was severe dental damage. Petitioner paid $ 565 in 1972 for his wife's dental work. In addition to his wife's medical expenses, petitioner purchased two hearing aids for himself, one each year at the cost of $ 600 in 1972 and $ 700 in 1973. Petitioner also purchased new eyeglasses in 1973 which cost $ 70. Petitioner had no medical insurance during the years in question. 3. Taxes
Petitioner paid state income taxes of $ 191 in 1972 and $ 385.55 in 1973. Petitioner drove at least 10,000 miles in 1972 and paid for the gasoline consumed. On his returns for 1972 and 1973 petitioner claimed state sales tax paid, using the tables provided by respondent. 4. Charitable Contributions
While he lived in Memphis, petitioner contributed to the United Methodist Church in Raleigh, Tennessee, the Red Cross and the Salvation Army. Petitioner also contributed to the United Methodist Church and other organizations in 1973. His contributions *261 amounted to at least $ 75 each year. 5. Casualty Losses
Petitioner's house trailer was damaged twice in 1972. The first accident occurred while the trailer was being moved from Memphis to Richmond. The front section of the house trailer was damaged, and repairs cost $ 550. Petitioner recovered $ 134 from the moving company in payment for this damage. Petitioner's insurance did not cover this damage. The second accident occurred after the trailer was moved to Richmond.In this accident the left side of the trailer was damaged; repairs cost $ 2,200. 6. Miscellaneous Deductions. Petitioner was a member of the United Brotherhood of Carpenters and Joiners of America. He paid union dues during both years in question. In 1977 his monthly dues were $ 17.54, which was higher than the 1972-1973 dues. Because petitioner worked on construction sites, he had to purchase safety equipment. Equipment purchased included, inter alia, safety lenses, shoes and gloves. He also purchased some tools, including measuring tapes and levels. The safety equipment and tools cost at least $ 75 per year. Petitioner paid $ 15 in 1973 to have his 1972 tax return prepared. Respondent *262 disallowed various itemized deductions and adjustments to income claimed by petitioner in 1972 and 1973. The basis of respondent's determination was that petitioner had not substantiated any of his claimed deductions. The questions presented are factual ones, and the burden of proof is on petitioner. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
1. Moving Expenses
On his returns, petitioner claimed (pursuant to section 217) [1] moving expenses of $ 1,096 in 1972 and $ 1,138 in 1973. Respondent disallowed these claims in their entirety on the grounds that petitioner failed to substantiate his expenditures. [2] We hold that petitioner is entitled to deduct moving expenses of $ 861.55 in 1972 and $ 574 in 1973. In 1972 petitioner moved from Memphis, Tennessee, to Richmond, Virginia. His house trailer *263 was towed to Richmond by professional movers at a cost of $ 623.40. He drove his truck to Richmond, then flew back to Memphis at a cost of $ 48.63, and drove his car to Richmond. According to Rev. Proc. 71-2, 1971-1 C.B. 659, an "individual may choose to compute the deductible costs of operating his passenger automobile in connection with the commencement of work at a new principal place of work by use of a standard mileage rate of six cents per mile." Applying this standard rate to petitioner's move (the distance between Memphis, Tennessee, and Richmond, Virginia, is 846 miles), petitioner is entitled to deduct $ 50.76 for moving his automobile and a like amount for moving his truck. Petitioner also stopped in a hotel for one night on his trip in his car between Memphis and Richmond, and he stayed in hotels in Richmond for ten days before he found a place to park his trailer. We lack specific documentation of the expenses petitioner incurred in these hotels; we found petitioner's testimony, however, to be credible. Therefore, we are forced to make an approximation of the expenses which petitioner incurred. Bearing heavily against petitioner, Cohan v. Commissioner, 39 F. 2d 540, 544 (2d Cir. 1930), *264 we hold that petitioner is entitled to deduct $ 8 per night, or a total of $ 88, for the eleven nights he spent in hotels as part of his move. As to petitioner's 1973 moving expenses, the facts are less clear. We know that petitioner paid professional movers $ 574 at the end of December 1973 to move his trailer from Richmond to Daytona Beach, Florida, although the actual move was not made until January 14, 1974. Petitioner used the cash receipts and disbursements method of accounting. Under section 1.217-2(a)(1), Income Tax Regs., a deduction is allowed for moving expenses "paid or incurred by the taxpayer during the taxable year" if the move was in connection with the taxpayer's commencement of work at a new principal place of work. In this case, petitioner paid the $ 574 in 1973 and is entitled to deduct that amount. Petitioner has not proved that he paid any additional amount in 1973 in connection with this move. 2. Employee Business Expenses
Petitioner claimed employee business expenses of $ 731 in 1972 and $ 3,500 in 1973. At trial petitioner testified that these expenditures were for business travel, but he had no substantiating evidence of this travel. He *265 also could not recall any of the details of this alleged travel. Petitioner's vague recollection of some business travel is not sufficient to carry his burden of proof. Rule 142(a), supra. Furthermore, as to travel away from home, petitioner has failed to meet the substantiation requirements of section 274. See section 1.274-5, Income Tax Regs. Accordingly, respondent's determination disallowing the claimed deductions in their entirety must be sustained. 3. Medical Expenses
Petitioner claimed medical expenses of $ 1,821 in 1972 and $ 2,137.21 in 1973. Section 213 provides a limited deduction for medical care and medical insurance. Since petitioner carried no medical insurance during these years, he is not entitled to any deduction for medical insurance premiums. While petitioner lived in Memphis (for the first eight months of 1972), his wife visited the doctor every other week at the cost of $ 20 per visit. She also purchased drugs costing $ 15 every other week. Accordingly, during the 34 weeks that he lived in Memphis, petitioner incurred doctor's bills and drug expenses of $ 340 and $ 255, respectively. After petitioner moved to Richmond, however, his wife *266 ceased visiting doctors and taking drugs on a regular basis. Apparently she visited two doctors once each in Richmond in 1972, although the cost of these two visits is unclear. We approximate the cost of these two visits at $ 10 per visit. Cohan v. Commissioner, supra.Petitioner's wife also visited her doctor in Memphis 4 times during the sixteen months she lived in Richmond. Each trip cost $ 97.26 for air fare, plus a doctor's fee of $ 20. See section 213(e)(1)(B); section 1.213-1(e)(1)(iv), Income Tax Regs. We allocate these trips between 1972 and 1973 pro rata, so that one trip, or $ 117.26, constitutes a medical expense incurred in 1972. Summing up the above, we hold that petitioner incurred doctor's bills related to his wife's treatment of $ 477.26 in 1972, plus expenses for that year for drugs of $ 255. Petitioner also incurred other medical expenses in 1972. He spent $ 565 that year for dental work for his wife; this dental work was necessitated by side effects of her cancer treatments. He also purchased a hearing aid for himself at the cost of $ 600. These amounts, plus his wife's expenses for doctors and drugs, are deductible by petitioner, *267 subject to the limitations provided in section 213. As to 1973, petitioner's medical expenses included the 3 trips for his wife to Memphis at a cost of $ 117.26 per trip, $ 700 for another hearing aid, and $ 70 for a new pair of eyeglasses. We hold these amounts deductible, subject to the limitations provided in section 213. 4. Taxes
On his returns for 1972 and 1973 petitioner claimed deductions for state and local income, real estate, gasoline and sales taxes pursuant to section 164. The evidence presented establishes that he paid state and local income taxes as claimed of $ 191 in 1972 and $ 385.55 in 1973. Petitioner also drove more than 10,000 miles in 1972, which entitles him, under the state gasoline tax table provided by respondent, to at least the claimed expense for qasoline tax of $ 24 in 1972. Finally, petitioner is entitled to the claimed deductions for state sales taxes, since the amounts claimed were properly taken from the optional state sales tax tables provided by respondent. See Porterfield v. Commissioner, 20 T.C.M. 1619, 30 P-H Memo. T.C. par. 61,314 (1966). As to his claimed deductions for real estate taxes and 1973 gasoline taxes, *268 however, petitioner presented no evidence. Accordingly, as to these amounts respondent's determinations are sustained. 5. Charitable Contributions
Petitioner testified that he made charitable contributions to the United Methodist Church and other charities during both of the years in question, and, pursuant to section 170, he claimed deductions of $ 230 in 1972 and $ 200 in 1973. Although we found this testimony to be generally credible, we do not know the precise amounts contributed. Accordingly, we are forced to make an approximation, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, supra.Upon consideration of all the evidence, we conclude that petitioner is entitled to deduct $ 75 in each year for charitable contributions. 6. Casualty Losses
On his 1972 return petitioner claimed two casualty losses, both of which concerned accidents involving his house trailer. Section 165 allows a deduction for casualty losses "sustained during the taxable year and not compensated for by insurance or otherwise." The first accident occurred while petitioner's trailer was being moved by the moving company. *269 The trailer's front section was damaged, and repairs cost $ 550. Petitioner recovered $ 134 from the moving company. Apparently petitioner's insurance did not cover this accident. The difference between the cost of repairs and the amount recovered is an unreimbursed casualty loss, which is fully deductible to the extent it exceeds $ 100. The exact time and circumstances of petitioner's second accident are unclear, but it apparently occurred after petitioner's house trailer was moved to Richmond. In this accident the left side of the trailer was damaged, and repairs cost $ 2,200. Respondent determined that petitioner was not entitled to a casualty loss deduction for this accident since petitioner failed to show that he had no reasonable prospect of recovery of his losses. We agree with respondent's determination. Section 1.165-1(d)(2)(i), Income Tax Regs., provides that if "there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement *270 will be received." In this case, petitioner has failed to present any evidence that he had no reasonable prospect of recovery of his loss. Accordingly, petitioner has failed to carry his burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, and his claimed deduction for the second accident is denied. 7. Miscellaneous Deductions
Petitioner claimed deductions for union dues of $ 225 in 1972 and $ 201 in 1973. During both years he was a member of the United Brotherhood of Carpenters and Joiners of America. He presented no evidence of the amount of dues paid except the fact that dues for this union in 1977, which were more than dues in the years in issue, were $ 17.54 per month. Since we lack specific evidence of the amount of dues paid, we are forced to make an approximation. Cohan v. Commissioner, supra.In light of all the evidence, we conclude that petitioner paid union dues of $ 12.50 per month in both 1972 and 1973, so that he is entitled to deduct $ 150 in each of those years. See section 1.162-15(c), Income Tax Regs.
Petitioner also claimed deductions for tools and safety equipment purchased of $ 210 in 1972 and $ 225 in *271 1973. He worked at construction sites and did purchase such equipment, although he failed to present substantiation of the exact amounts expended. Again, we are forced to approximate his expenditures. Cohan v. Commissioner, supra.We hold that petitioner is entitled to deduct $ 75 for tools and safety equipment purchased in each of the years in issue. See section 162; section 1.162-1(a), Income Tax Regs.
Finally, petitioner claimed a deduction of $ 15 for tax preparation on his 1973 return. His return for 1972 was professionally prepared. We hold that he is entitled to this claimed deduction. Section 1.212-1(1), Income Tax Regs.
Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. Respondent did not contend that the claimed moving expenses are otherwise not deductible, and we will therefore assume that petitioner's claimed expenses meet the requirements of section 217.↩